UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-147-FDW

| | |
|---|---|
| NICHOLAS JOHN SCHREINER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| STATE OF NORTH CAROLINA, ) | |
| Hendersonville, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of the instant petition for writ of habeas corpus under 28 U.S.C. § 2241, (Doc. No. 1). Also pending before the Court is Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2).

**I.   FACTS**

Pro se Petitioner Nicholas John Schreiner, a North Carolina pre-trial detainee incarcerated in the Henderson County Detention Center, filed this petition for writ of habeas on July 17, 2015, pursuant to 28 U.S.C. § 2241. Petitioner has named as the sole Respondent the State of North Carolina. Petitioner contends that he is being unlawfully detained in the Henderson County Detention Center on pending criminal charges. As relief, Petitioner seeks an order from this Court "inform[ing] Henderson County Superior Court of the fraudulent and frivolous indictment brought upon me by the Henderson County District Attorney's Office, the lack of . . . legal counsel, and an unlawfully secured bond." (Id. at 4-5).

**II.   DISCUSSION**

Under 28 U.S.C. § 2241, federal habeas corpus relief is available for persons in custody regardless of the status of the case pending against them or whether final judgment has been

rendered against them.  United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995).  While federal courts have the jurisdiction to grant federal habeas relief in advance of trial, Younger v. Harris, 401 U.S. 37 (1971), "serves as an exception to the traditional rule that federal courts should exercise jurisdiction conferred on them by statute."  Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted).  In Younger, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances.  401 U.S. at 43-44.  Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding.  Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995).

Here, the Court finds that all of the elements of Younger have been met.  Petitioner has not shown that his case presents those "most narrow and extraordinary of circumstances" that would qualify as an exception to Younger abstention and necessitate federal intervention.  See Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996).  The Court will, therefore, abstain from addressing Petitioner's claims while state court criminal charges are pending against him.

### III. CONCLUSION

In sum, for the reasons stated herein, the petition will be dismissed based on Younger abstention.

**IT IS, THEREFORE, ORDERED** that:

(1)  The petition is dismissed without prejudice.

(2)  Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this Court's initial review.

(3) The Clerk is instructed to terminate this action.

Frank D. Whitney
Chief United States District Judge